UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| STEPHANIE M. FRIED )<br><br>Plaintiff, )<br><br>v. )<br><br>TOWN OF VIENNA )<br><br>Defendant. ) | C.A. No. 1:11cv992<br>(JCC/TRJ) |

## PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER CASE

Plaintiff opposes the motion to transfer, because there was no "judge-shopping." The original filing was dismissed and re-filed due to an attorney-client issue that cannot ethically be disclosed, and because plaintiff was up against a deadline for deciding whether or not to re-file or lose her chance of pursuing the matter. See attached right to sue notice dated June 23, 2011 (imposing a deadline of September 21, 2011 to re-file the case or lose the right to do so). This is all there is to this matter.

Defendant refers to a "precedent" being set, but there is no precedent to be set. The undersigned firm (Charlson Bredehoft Cohen & Brown) has practiced in this Court for nearly twenty years and has had all matter of cases before all of its judges, including Judge Hilton, many, many times. Not once in the firm's memory, and in the countless number of cases, has it ever been necessary to notice a Rule 41 dismissal and re-file in the face of a jurisdictional deadline. And, respectfully, no rules were broken in the process. On the contrary, a Rule 41 notice of voluntary dismissal may be filed for any reason without need of a court order and is without prejudice. Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546

(4th Cir. 1993) (voluntary dismissal under Rule 41 "is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required"); see also Matthews v. United States, 395 F.3d 477, 480 (4th Cir. 2005).

    More importantly, there has been absolutely no resulting prejudice to the defendant, and none was pointed to in its motion. Plaintiff will, of course, abide by what the Court deems best, but she and counsel wish to make clear that "judge-shopping" was not at all at play here, nor something the undersigned firm would contemplate. We have been before all of the judges of this Court and have the utmost confidence that all cases are handled by all of its judges in a fair and evenhanded manner. This has never been at issue, and is not at issue now.[1]

October 21, 2011            Respectfully submitted,

/s/

_____
Peter C. Cohen
Virginia Bar No. 66346
pcohen@cbcblaw.com
CHARLSON BREDEHOFT
  COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20191
(703) 318-6800 Telephone
(703) 318-6808 Facsimile

*Counsel for Plaintiff, Stephanie M. Fried*

---

[1] Defense counsel never consulted with undersigned counsel about her motion. She simply left a voice mail message and sent an email that the motion was being filed and inquired about hearing dates.

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 21[th] day of October 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Julia B. Judkins, Esq.
jjudkins@bmhjlaw.com
BANCROFT, MCGAVIN,
 HORVATH, & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
(703) 385-1000   Telephone
(703) 385-1555   Facsimile

*Counsel for Defendant, Town of Vienna*


/s/
_____
Peter C. Cohen



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
2011 4234

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

June 23, 2011

Ms. Stephanie M. Fried
c/o Peter C. Cohen, Esquire
Law Offices of Charlson, Bredehoft, et al.
Attorneys & Counselors at Law
11260 Roger Bacon Dr, Ste. 201
Reston, VA  20190

Re:  EEOC Charge Against Town of Vienna, Vienna Police Department
     No. 570201100082

Dear Ms. Fried:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC
Washington Field Office, Washington, DC.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Thomas E. Perez
Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Washington Field Office, EEOC
    Town of Vienna, Vienna Police Department