IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

STEPHANIE M. FRIED        )
                          )
      Plaintiff,          )
                          )
      v.                  )      1:11cv992 (JCC/TRJ)
                          )
TOWN OF VIENNA,           )
                          )
      Defendant.          )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant, the Town of Vienna's, Motion to Transfer the Case (the Motion).

For the following reasons, the Court will deny the Motion.

**I.   Background**

Plaintiff Stephanie M. Fried brings this case against the Town of Vienna based on her former employment as a Vienna police officer.  (Compl. [Dkt.1 ] ¶ 1.)  Her complaint contains two claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.  (Compl. ¶ 1.)  One claim relates to a hostile work environment and the other relates to retaliation in the workplace.  (Compl. ¶ 1.)

Plaintiff originally filed her Complaint in this Court on September 8, 2011.  The case was assigned to the Honorable Judge Claude M. Hilton.  On September 9, 2011, Plaintiff filed a

1

notice of voluntary dismissal under Fed. R. Civ. P.
41(a)(1)(A)(i).  On September 16, 2011, Plaintiff refiled the
same Complaint and it was assigned here.

On October 11, 2011, Defendant filed a Motion to
Transfer Case (the Motion).  [Dkt. 5.]  Defendant requests that
this Court transfer the case back to Judge Hilton because
Plaintiff's dismissal and refiling amounts to "judge-shopping."
(D. Mem. [Dkt. 6] at 2.)  On October 21, 2011, Plaintiff filed
an Opposition to Motion to Transfer.  [Dkt. 9.]

Defendant's motion is now before the Court.

## II.  Analysis

Defendant argues that "there is no explanation for
plaintiff's voluntarily (*sic*) dismissal and refiling of the
exact same case except for judge-shopping."  (D. Mem. at 3.)
Based on that assertion, Defendant argues that this Court should
transfer the case to "preserve judicial authority and to
preserve control of its docket."  (D. Mem. at 2 (quoting *Span-
Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985)).

Plaintiff opposes the Motion "to make clear that
'judge-shopping' was not at all at play here, nor something the
undersigned firm would contemplate."  (P. Opp. [Dkt. 9.] at 2.)
Plaintiff states that "[t]he original filing was dismissed and
re-filed due to an attorney-client issue that cannot ethically
be disclosed, and because plaintiff was up against an [Equal

2

Employment Opportunity Commission September 21] deadline for deciding whether or not to re-file or lose her chance of pursuing the matter." (P. Opp. at 2; *see* Right to Sue Notice attached to Dkt. 9.)

It is well recognized that judge-shopping is disfavored. *See Learning Network v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 (4th Cir. 2001); *Gen. Elec. Co. v. Merhige*, No. 72-2237, 1972 U.S. App. LEXIS 6632, at *3 (4th Cir. Nov. 20, 1972) (denying application for mandamus to compel transfer of action from Eastern to Western District of Virginia where "it seem[ed] clear that the plaintiffs have engaged in judge-shopping"). And, in the specific context of motions to disqualify, tactics by litigants which are designed to engineer a situation requiring recusal are discouraged. *See United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions. To hold otherwise would encourage inappropriate 'judge shopping.'"). *See also Etlin v. Unknown*, No. 1:09cv886, 2009 U.S. Dist. LEXIS 104669, at *12-13 (E.D. Va. Nov. 9, 2009) (finding that the plaintiff's filing of a motion to disqualify the court from presiding, along with a "provisional" motion to allow her to withdraw the petition if disqualification is denied, was a transparent attempt to judge-shop).

Fed. R. Civ. P. 41(a)(1), however, permits a plaintiff to dismiss an action without prejudice by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  The Fourth Circuit has held that "[a] voluntary dismissal under Rule 41(a)(1)(i) 'is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'"  *United States v. Matthews*, 395 F.3d 477, 480 (4th Cir. 2005)(quoting *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)).

Here Plaintiff properly exercised her right to voluntarily dismiss the action under Fed. R. Civ. P. 41(a)(1). One instance of an action that complied with the federal rule for dismissal cannot, on its own, amount to judge-shopping. Thus, this Court declines to transfer the case.

### III. Conclusion

For these reasons, the Court will deny Defendant's Motion.

An appropriate Order will issue.


|                      |  /s/                              |
| -------------------- | --------------------------------- |
| November 4, 2011     | James C. Cacheris                 |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

4